### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**DANIEL R. GRANILLO (# A0731449)**                                    **PLAINTIFF**

**v.**                                                             **No. 2:06CV159-B-B**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Daniel R. Granillo, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed.

### Discussion

The plaintiff alleges that he was denied access to the courts and that his request for approval to be married while housed at the Tallahatchie County Correctional Facility was denied. The plaintiff has since been transferred to a Corrections Corporation of America facility in Arizona. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The plaintiff in this case has not alleged any physical injury; as such, his claims for damages shall be dismissed. In addition, the plaintiff has since been moved to a correctional facility in Arizona. As he is no longer housed at the Tallahatchie County Correctional Facility, any

injunctive relief he seeks has become moot. As neither monetary nor injunctive relief is available, the instant case shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of March, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE